UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FRANK SCHAMBACH, HUSBAND OF, | * | CIVIL ACTION NO. |
| AND AURORA SCHAMBACH | * | |
| | * | |
| VERSUS | * | SECTION: |
| | * | |
| CITY OF MANDEVILLE, GERALD | * | MAG. DIVISION: |
| STICKER in his official capacity as Chief of | * | |
| Police for the City of MANDEVILLE, | * | |
| AND JOHN DOE DEFENDANTS, STATE OF | * | JURY TRIAL DEMANDED |
| LOUISIANA VIA THE DEPARTMENT OF | * | |
| CHILDREN AND FAMILY SERVICES, | * | |
| AND JOHN DOE DEFENDANTS | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Frank Schambach (hereinafter, sometimes "Plaintiff"), husband of, and Aurora Schambach, and for their Complaint, alleges as follows:

THE PARTIES

1.

The defendants herein are:

     a.     City of Mandeville (hereinafter sometimes "City"), a corporate body and political subdivision of the State of Louisiana. City operates the Mandeville City Police Department. It is able to sue and be sued in its own name and is a "person" within the meaning of 42 U.S.C. § 1983.

1

b.     Gerald Sticker (hereinafter sometimes "Chief Sticker"), a person of the full age of majority and the duly appointed Chief of the Mandeville City Police Department, who resides in the Eastern District of Louisiana, and who is hereby sued in his official capacity.  Plaintiff is informed and believes and thereon alleges that Chief Sticker is, and at all relevant times was, a policy-making official of City and the Mandeville City Police Department. Chief Sticker is, and at all material times was, the individual charged with the duty and granted the authority to render final decisions regarding arresting policies and practices of the Mandeville City Police Department, including without limitation the protocol used herein in the detention and arrest of criminal suspects.

c.     John Doe 1 (hereinafter sometimes "Doe 1") is a person of the full age of majority, employed by the Mandeville City Police Department, who on information and belief resides in St. Tammany Parish and within the Eastern District of Louisiana, and whose proper name Plaintiffs have been unable to ascertain. Plaintiffs are informed and believe and therefore allege that Defendant Doe 1 is, and at all relevant times was, a policy-making official of the City and Mandeville City Police Department, with respect to policies and practices involving the facts herein, including without limitation the protocol used herein in the apprehension and arrest of criminal suspects acting under the color of law and within his capacity as an employee, agent, representative, and servant of the City.  Doe 1 is sued herein in both his individual and official capacities.

2

      d.      John Doe 2 (hereinafter sometimes "Doe 2") is a person of the full age of majority, employed by the Mandeville City Police Department, who on information and belief resides in St. Tammany Parish and within the Eastern District of Louisiana, and whose proper name Plaintiffs have been unable to ascertain. Plaintiffs are informed and believe and therefore allege that Defendant Doe 2 is, and at all relevant times was, a policy-making official of the City and Mandeville City Police Department, with respect to policies and practices involving the facts herein, including without limitation the protocol used herein in the apprehension and arrest of criminal suspects acting under the color of law and within his capacity as an employee, agent, representative, and servant of the City.  Doe 2 is sued herein in both his individual and official capacities.

      e.      State of Louisiana via the Department of Children and Family Services It is able to sue and be sued in its own name and is a "person" within the meaning of 42 U.S.C. § 1983.

      f.      John Doe 3 (hereinafter sometimes "Doe 3") is a person of the full age of majority, employed by the Department of Children and Family Services, who on information and belief resides in St. Tammany Parish and within the Eastern District of Louisiana, and whose proper name Plaintiffs have been unable to ascertain. Plaintiffs are informed and believe and therefore allege that Defendant Doe 3 is, and at all relevant times was, a policy-making official of the Department of Children and Family Services, with respect to policies and practices involving the facts herein, including without limitation the protocol used herein under the color of law and within his capacity as an employee, agent, representative, and servant of the State.  Doe 3 is sued herein in both his individual and official capacities.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983, while this Court has pendent jurisdiction over the State Claims herein.

3.

Venue is proper in this district and division under 28 U.S.C.A. § 1391(b), because the underlying acts and conduct violating applicable laws and constitutional rights occurred in this district; and/or each defendant conducts its/his/her affairs in, or is an inhabitant of, resides in, or has an agent in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

4.

Plaintiff, at the time of the incident, was thirty-four (34) years old, and had no criminal history. Plaintiff is a veteran of the most recent Iraq war, and earned a high level security clearance through his meritorious service. At the time of the incident, Plaintiff was working as contractor for the federal government, using his security clearance.

5.

Shortly prior to the incident, Plaintiff and his wife were having disciplinary issues with Plaintiff's teenage stepdaughter, Plaintiff's wife's daughter (referred to herein as Jane Roe), which included constant lying, and installed an application on Jane Roe's cellphone which allowed Plaintiff and his wife to view Jane Roe's text messages.

6.

On or about January 16, 2019, Jane Roe made an allegation to her high school counselor that Plaintiff molested her an unknown number of years prior. That same date, Doe 3 went to Plaintiff's residence and accused him of child molestation, which Plaintiff denied; nevertheless, Plaintiff was told to leave his residence.

7.

Also on January 16, 2019, Plaintiff self-reported to his military unit that he was being investigated for child molestation.

8.

On January 18, 2019, Plaintiff's wife was contacted and interviewed by Doe 1 regarding Jane Roe's allegations against Plaintiff. Plaintiff's wife denied Plaintiff ever molested Jane Roe, advised Doe 1 of the disciplinary issues they were having with Jane Doe, which included lying, and offered to show Doe 1 the text messages and social media messages from Jane Roe's phone which proved Jane Roe was fabricating the allegations against Plaintiff in order to retaliate against Plaintiff and Plaintiff's wife as well as to avoid being disciplined. Doe 1 refused to review Jane Roe's text messages and social media messages.

9.

On January 19, 2019, Plaintiff sat for a scheduled interview with Doe1 and Doe 2 at the Mandeville Police Department. Plaintiff denied the allegations made against him by Jane Roe advised Does 1 and 2 of the disciplinary issues they were having with Jane Roe, which included lying, and offered to show Does 1 and 2 the text messages and social media messages from Jane Roe's phone which proved Jane Roe was fabricating the allegations against Plaintiff in order to retaliate against Plaintiff and Plaintiff's wife as well as to avoid being disciplined. Does 1 and 2 refused to review Jane Roe's text messages and social media messages. Does 1 and 2 arrested Plaintiff on charges of violation of Louisiana Revised Statute 14:81.2 "Molestation of a Juvenile or a Person with a Physical or Mental Disability."

10.

Shortly thereafter, as a direct and proximate result Does 1 and 2 arresting Plaintiff on charges of violation of La R.S. 14:81.2, Plaintiff's security clearance was revoked. Consequently, he was terminated from his job.

11.

After reviewing all of Jane Roe's text messages and social media messages in conjunction with Plaintiff's and his wife's interviews, the District Attorney for the 22nd Judicial District (Washington and St. Tammany Parishes) refused all charges against Plaintiff on July 15, 2019.

12.

To date, Plaintiff has been unable to regain his security clearance as a direct and proximate result of Does 1 and 2 arresting Plaintiff on charges of violation of La R.S. 14:81.2.

13.

To date, Doe 3 has advised that Plaintiff and Plaintiff's wife have been labeled child molesters in the State of Louisiana Department of Children and Family Services State Central Registry – Plaintiff for Sexual Enticement of Jane Roe and Plaintiff's wife for Passive Sexual Abuse of Jane Roe – and both Doe 3 and the Department refuse to update the database.

14.

Plaintiff alleges that Does 1, 2, and 3 knew or should have known Plaintiff was falsely accused of child molestation because they should have reviewed Jane Roe's text messages and social media messages which Plaintiff and his wife repeatedly made available to them. Accordingly, Plaintiff alleges that he was the subject of a false arrest.

15.

As a consequence, Plaintiff alleges he suffered serious mental anguish, emotional distress, loss of employment, damage to his reputation, and loss of employment opportunities which caused further mental anguish, emotional distress, and financial hardship, which damaged Plaintiff and his wife's marriage.

**COUNT I – VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (UNDER THE FOURTH AND FOURTEENTH AMENDMENTS)**

16.

Plaintiff repeats, re-alleges, and incorporates by reference all of the preceding allegations of this Complaint.

17.

The conduct of Defendants deprived Plaintiff of his rights, privileges, and immunities secured by the Constitution of the United States, including, but not limited to, Plaintiff's right to

be free from unreasonable seizures, false arrests, and excessive force by police officers, under the Fourth and Fourteenth Amendments to the United States Constitution.

18.

In performing these acts, Defendants acted under color of state law. The acts of the Mandeville City Police Department and the City were the result of official policy, carried out and ratified by its officers, including Doe 1 and 2, as more fully set forth below. Specifically, Plaintiff alleges that Doe 1 and 2 was a policy-maker with respect to the arrest procedure employed upon Plaintiff.

19.

Plaintiff is informed and believes and thereon alleges that, while Chief Sticker was not directly involved in the apprehension and seizure of Plaintiff, Chief Sticker was informed of the arrest and seizure by Defendants and ratified their actions.

**No Qualified Immunity**

20.

At the time of the above arrest, the contours of the law concerning reasonable arrests and uses of force were clearly established.

21.

Plaintiff further alleges that, at the time Defendants, which conduct Plaintiff is informed and believes was either willful or done with deliberate indifference to Plaintiffs' rights, such conduct was not objectively reasonable, and a reasonable official in those circumstances would understand that what he/she was doing violated the law.

22.

As a direct and result of Defendants' conduct as alleged above, Plaintiff has suffered mental anguish and special and general damages.

8

23.

Plaintiff is entitled to attorney's fees pursuant to 42 U.S.C. § 1988.

**<u>COUNT II – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (FALSE ARREST UNDER THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS)</u>**

24.

Plaintiff repeats, re-alleges, and incorporates by reference all of the preceding allegations of this Complaint.

25.

Plaintiff alleges that he possessed the right, guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, to be free from unreasonable seizures, false arrests, and that he not be deprived of life, liberty, or property without due process of law.  Plaintiff further alleges that Defendants herein had knowledge of the above rights under the Constitution.

26.

In connection with the same transaction or occurrence concerning the arrest of Plaintiff on January 19, 2019, as hereinabove alleged, there charges against Plaintiff were refused by the District Attorney for the 22nd Judicial District on or about July 15, 2019.

27.

Plaintiff is informed, believes, and thereon alleges that, in refusing the above criminal charge, the District Attorney had determined, among other things, that Jane Roe had not been truthful about what had occurred regarding the alleged molestation, and John Does 1 and 2 deliberately ignored exculpatory evidence, and had engaged in reckless criminal allegations involving Plaintiff, and any subsequent arrest based upon such evidence was unreasonable and reckless.

28.

Plaintiffs allege that the above refusal of criminal charges, on or about July 15, 2019, constitutes a favorable termination in Plaintiff's favor, as more fully set forth below in Plaintiffs' malicious prosecution claim under Louisiana State Law.

29.

Plaintiff alleges that, as the result of the dismissal of criminal charges against him, there is a presumption of lack of probable cause. Plaintiff alleges that there was no probable cause to arrest him and no factual and/or legal justification for his arrest, for those reasons set forth hereinabove.

**No Qualified Immunity**

30.

At the time of the above arrest, the contours of the law concerning probable cause and reasonable arrests were clearly established.

31.

Plaintiff further alleges that, at the time of Defendants' actions, which conduct was either willful or done with deliberate indifference to Plaintiff's rights, such conduct was not objectively reasonable, and a reasonable official in those circumstances would understand that what he/she was doing violated the law.

32.

As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff has suffered and continues to suffer mental anguish and special and general damages.

33.

Plaintiff is entitled to attorney's fees pursuant to 42 U.S.C. § 1988.

34.

Plaintiff is further informed and believes and thereon alleges that the above-described acts of Defendants depriving Plaintiff of his constitutionally protected rights, privileges, and immunities were done with ill motive or intent, or with reckless or callous indifference to Plaintiff's rights.  Accordingly, Plaintiff seeks an award of punitive damages against the individual defendants in an amount according to proof.

## COUNT III – LOUISIANA STATE LAW CLAIM FOR MALICIOUS PROSECUTION

35.

Plaintiff repeats, re-alleges, and incorporates by reference all of the preceding allegations of this Complaint.

36.

The above-named Defendants are jointly, severally, and *in solido* liable to Plaintiff for the Louisiana State tort of malicious prosecution, as more fully set forth above.

37.

As more fully set forth herein, Plaintiff alleges, on information and belief, that Defendants' actions, as more fully set forth herein, involved the following:

(i)      the commencement or continuance of an original criminal proceeding;

(ii)     its legal causation by the present Defendants against Plaintiff who was the defendant in the original proceeding;

(iii)    its bona fide termination in favor of the present Plaintiff, as the result of the refusal entered on or about July 15, 2019, as to all criminal charges;

(iv)     the absence of probable cause for such proceeding;

(v)      the presence of malice therein; and

(vi)     damage conforming to legal standards resulting to Plaintiff.

11

38.

Plaintiff alleges that each of the Defendants are liable for malicious prosecution.

39.

As a direct and proximate cause of the above, Plaintiff sustained injuries, including without limitation all attorney's fees, costs, and damages associated with the criminal charges brought against Plaintiff, as well as any and all pain and suffering, emotional injuries, including without limitation extreme anguish, humiliation, and embarrassment, all of which entitles Plaintiff to damages, as more fully set forth below.

**COUNT IV – MONELL MUNICIPAL VIOLATONS UNDER 42 U.S.C. § 1983**

40.

Plaintiffs repeat, re-allege, and incorporate by reference all of the preceding allegations of this Complaint.

41.

Plaintiffs are informed and believe and thereon allege that City of Mandeville manifests a deliberate indifference to the violation of constitutional rights of its residents, including Plaintiffs herein. This deliberate indifference is manifested by the failure to change, correct, revoke, or rescind policies, procedures, and customs, in light of prior knowledge by said defendants, and its policymakers, of indistinguishably similar incidents to residents of these defendants. Plaintiffs allege that it is the policy, practice, and custom of defendants to ignore civil rights, including without limitation the right to be free from unlawful seizure and the right to be free from excessive uses of force that cause serious bodily harm.

42.

As a direct and proximate result of the aforementioned acts, systematic deficiencies, policies, procedures, customs and practices of the above defendants, including Defendant City of Mandeville, Plaintiff was wrongfully arrested, causing serious damages.

43.

Plaintiffs allege that Defendants City of Mandeville and Chief Sticker have policies, procedures, customs, and practices which violate the constitutional rights of residents and which manifest a deliberate indifference to the civil rights of members of the public by, among other things:

a. Failing to adequately train officers on matters regarding the proper use of force, the constitutional limits of their authority and proper arrest procedures, including, without limitation, proper uses of force;

b. Failing to discipline officers known to have a propensity for violence, the use of unnecessary and unreasonable force, false arrest and/or dishonesty;

c. Failing to adequately train officers and Commanders in the proper supervision, command and control of police officers, and failing to train in proper police procedures within the Fourth Amendment of the United States Constitution;

d. Failing to adequately train officers and Commanders in proper police tactics to prevent false arrests, fabrication of probable cause, and in making false affidavits;

e. Failing to adequately train officers and Commanders in proper police practices and procedures for detentions and arrest;

f. Failing to adequately train officers and Commanders in proper police tactics to avoid using excessive force;

g. Failing to adequately train officers and Commanders in the proper police tactics and procedures in avoiding the use of force against persons who are compliant or who have complied with officers;

h. Failing to train police officers and Commanders to prevent false arrests and falsification of charges against persons who have not committed any crime or public offense;

13

i.  Covering up acts of misconduct, including, but not limited to, the abuse of unnecessary force, false arrest and/or dishonesty by its officers and thereby conveying to them its approval and/or lack of concern about police misconduct;

j.  Covering up acts of misconduct, including, but not limited to, the abuse of unnecessary force, false arrest and/or dishonesty by its officers and thereby conveying to them its approval and/or lack of concern about police misconduct;

k.  Refusing to discipline adequately individual officers and employees found to have committed similar acts of abuse and misconduct;

l.  Refusing to investigate competently and impartially allegations of abuse and misconduct alleged to have been committed by officers, including the allegations made by Plaintiff in this case;

m.  Reprimanding, threatening, intimidating, demoting, firing and otherwise retaliating against officers who reported acts of abuse by other officers;

n.  Rewarding police officers that displayed aggressive and abusive behavior toward detainees, arrestees and members of the public;

o.  Condoning and participating in the practice of reducing or dismissing criminal charges against individuals in return for releasing defendants and employees of same from civil liability.

p.  Promoting and/or acquiescing in the policy of stopping, detaining, questioning and arresting members of the public without probable cause or reasonable suspicion;

q.  Sanctioning, condoning and approving a department-wide "code of silence", a euphemism for perjury and dishonesty by peace officers.

44.

The customs, policies and practices of the above defendants, and each of them, caused

the constitutional injuries to Plaintiffs herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment in their favor and against each of the Defendants, jointly and severally, as follows:

1. For a declaration that Defendants' conduct deprived Plaintiff of his rights, privileges, and immunities secured by the Constitution of the United States;

2. For an injunction prohibiting in the future Defendants' illegal acts and misconduct complained of herein;

3. For compensatory general, special, and economic damages in an amount according to proof;

4. For damages incurred due to Plaintiffs pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, financial hardship, legal fees related to Plaintiff's criminal defense, lost wages, past, present, and future, and loss of earning capacity, past, present, and future;

5. For punitive damages;

6. For attorneys' fees in accordance with any and all statutes and laws, including without limitation those attorneys' fees pursuant to 42 U.S.C. § 1988;

7. For costs incurred herein; and

8. For such other and further relief as this Honorable Court may deem just and proper.

[SIGNATURE BLOCK NEXT PAGE]

**RESPECTFULLY SUBMITTED BY:**

**BURGOS AND ASSOCIATES, L.L.C.**

**s/GEORGE M. McGREGOR_____**
CESAR R. BURGOS (#24328)
ROBERT J. DAIGRE (#23016)
GABRIEL O. MONDINO (#31514)
**GEORGE M. McGREGOR (#33977)**
3535 Canal Street
New Orleans, Louisiana 70119
Telephone: (504) 488-3722
Facsimile: (504) 482-8525


**s/TIMOTHY T. YAZBECK_____**
**TIMOTHY T. YAZBECK (#34364)**
Of
**SMITH & FAWER, LLC**
201 St. Charles Ave │ Ste. 3702
New Orleans, Louisiana 70170
504.525.2200 P
504.525.2205 F

*Attorneys for Plaintiffs*

16

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial in this action pursuant to Federal Rules of Civil Procedure, Rule 38.

**RESPECTFULLY SUBMITTED BY:**

**BURGOS AND ASSOCIATES, L.L.C.**

**s/GEORGE M. McGREGOR_____**
CESAR R. BURGOS (#24328)
ROBERT J. DAIGRE (#23016)
GABRIEL O. MONDINO (#31514)
**GEORGE M. McGREGOR (#33977)**
3535 Canal Street
New Orleans, Louisiana 70119
Telephone: (504) 488-3722
Facsimile: (504) 482-8525

**s/TIMOTHY T. YAZBECK_____**
**TIMOTHY T. YAZBECK (#34364)**
Of
**SMITH & FAWER, LLC**
201 St. Charles Ave │ Ste. 3702
New Orleans, Louisiana 70170
504.525.2200 P
504.525.2205 F

*Attorney for Plaintiffs*