UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRANK SCHAMBACH, ET AL. | CIVIL ACTION |
| v. | NO. 20-0214 |
| CITY OF MANDEVILLE, ET AL. | SECTION "F" |

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date.  No memoranda in opposition to the motion to dismiss by the State of Louisiana, through the Department of Children and Family Services, which is noticed for submission on September 16, 2020, has been submitted.

Accordingly, because the motion is unopposed, and further, it appearing to the Court that the motion has merit,[1] IT IS ORDERED:

---

[1] The plaintiffs, husband and wife, filed this civil rights lawsuit seeking declaratory and injunctive relief along with monetary damages against various defendants alleging that Mr. Schambach was falsely arrested with and maliciously prosecuted for molestation of his stepdaughter, who made the false allegation as a reaction to parental discipline issues.  One of the defendants, the State of Louisiana, through its Department of Children and Family Services, contends that dismissal pursuant to Rule 12(b)(1) is

1

that the State of Louisiana's motion to dismiss is hereby GRANTED as unopposed. The plaintiffs' claims against the State of Louisiana through its Department of Children and Family Services

---

required because the Court lacks subject matter jurisdiction over the plaintiff's claims. The Court agrees.

The Eleventh Amendment instructs that "[t]he Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign State." "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." Va. Office for Prot. & Advocacy v. Stewart, 131 S. Ct. 1632, 1637 (2011); Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004)(citing Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996)). A federal district court lacks subject matter jurisdiction where the named defendant is protected by Eleventh Amendment immunity. See Wagstaff v. U.S. Dep't of Educ., 509 F.3d 661, 664 (5th Cir. 2007)(per curiam). This jurisdictional bar applies regardless of the nature of the relief sought and extends to a state's agencies and departments with identities sufficiently aligned with the state. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984), *superseded by statute on other grounds*, 28 U.S.C. § 1367; Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997); Vogt v. Bd. of Comm'rs of Orleans Levee Dist., 294 F.3d 684, 688-89 (5th Cir. 2002)("Even in cases where the State itself is not named a defendant, the State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the 'alter ego' or 'arm' of the State."). There is no dispute that the State's Department of Children and Family Services is an arm of the State.

Not only does the Eleventh Amendment preclude individuals from suing a state in federal court for money damages, it also bars injunctive and declaratory suits against the state, unless the state consents to suit, or its immunity is otherwise overcome by application of waiver, abrogation, or Ex parte Young doctrines. See Halderman, 465 U.S. at 100-01; see also Cory v. White, 457 U.S. 85, 91 (1982). Here, the State does not consent to be sued and declines to waive its sovereign immunity. Dismissal is warranted.

2

are hereby dismissed for lack of subject matter jurisdiction because it is entitled to sovereign immunity from suit.

New Orleans, Louisiana, September 11, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE